```
FILED BY____PG____D.C.
MAY 16 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

1  Anthony Oliver
2  # 201904074
3  1050 Carl Griffin Drive
4  Savannah, Georgia 31405
5
6  Plaintiff, Appearing Pro Se
7
8              United States District Court
9              Southern District of Florida
10                Fort Lauderdale Division
11  Anthony Oliver,                  Case No:
12       Plaintiff
13                              Plaintiff's Complaint for
14     v.                        Damages and Injunctive
15                                Relief
16
17  AutoNation, Inc., a Florida
18  Corporation; Step One Automotive    Demand For Jury Trial
19  CSS, L.L.C., a Florida Corporation;
20  GA CDJR Motors, L.L.C., a Florida
21  Corporation; and Does 1-10, inclusive.
22
23              Parties, Jurisdiction & Venue
24  1. Plaintiff Anthony Oliver is over the age of 18 years old
25  and will be mentioned herein at all times.
26  2. Defendant AutoNation, Inc., ("AutoNation") is a Florida
27  corporation with its headquarters located in Fort Lauderdale
28  Florida and maintains an agent for service in this District.

                              i

3. Defendant Step One Automotive CSS, L.L.C., ("Step One") is a Florida Corporation with its headquarters located in Fort Lauderdale Florida, and maintains a registered agent in this District.

4. Defendant GA CDJR Motors, L.L.C., ("GA CDJR") is a Georgia Corporation doing business in Florida and Georgia and is owned by Defendant AutoNation, Inc.

4. Jurisdiction is conferred upon this Court pursuant to the Telephone Consumer Protection Act, 47 U.S.C. Section 227, et seq., a federal statute.

5. Venue is appropriate on this Court pursuant to 28 U.S.C. 1391 because a substantial amount of the conduct complained of arose from this District. Additionally, the Defendants headquarters are maintained in this Federal District.

6. This action arises out of the Defendants intentional acts of sending text messages to consumers after consent was revoked. Therefore, this Court has the Authority to treble damages pursuant to 47 U.S.C. 227(b)(3).

7. In October 2018, Plaintiff took his vehicle for an estimate of repairs to Defendants Step One Automotive CSS, L.L.C., ("Step One") and GA CDJR Motors, L.L.C., ("GA CDJR") after Plaintiffs vehicle was involved in an accident. Once Plaintiff dropped his vehicle off at Step One, Plaintiff was informed that Plaintiffs vehicle had no warranty when Defendant AutoNation, Inc., ("AutoNation") sold Plaintiff his vehicle. Plaintiff received a $3,500 estimate for repairs that would have been otherwise covered by the new vehicle warranty.

8. After discovering that AutoNation sold Plaintiff a new vehicle without a warranty that Plaintiff paid for, the Plaintiff then began filing complaints with the United States Attorney's office.

9. Several days later, Plaintiff received a text message from the short code 89406, and in the body of the text message, it stated the message was from "Julie" the service manager at GA CDJR and the message further asked the Plaintiff to rate the service of Step One and GA CDJR by filling out a "Quick Survey." Additionally, in the bottom of text message, it provided an opportunity for Plaintiff to opt-out of receiving further text messages from Step One and GA CDJR.

1  Thereafter, Plaintiff entered "stop" and Plaintiff promptly
2  received an instant message that Plaintiff would not
3  receive any further messages.
4
5  10. Several week later, on November, 2018, Plaintiff
6  received yet another text message from Step One and
7  GA CDJR from the Short Code 89409 to remind the
8  Plaintiff to bring his vehicle in for service and specifically,
9  the body of the text message informed Plaintiff that it had
10 to "remind" Plaintiff that his vehicle was "due for a oil
11 change". In the bottom of the the text message, just like
12 the first text message, it gave Plaintiff an oppurtunity to
13 opt-out from receiving further text messages. Plaintiff, as he
14 did before, entered "stop" and Plaintiff received an instant
15 message that Plaintiff would no longer receive any further
16 text messages, and plaintiff revoked his consent once again
17 from receiving any further messages.
18
19 11. Approximately three weeks later, Defendants Step One
20 and GA CDJR sent Plaintiff another text message from
21 the Short Code 89402. Despite the facts that Plaintiff
22 not once, but twice revoked his consent from receiving
23 any further text messages, Defendants Step One and
24 GA CDJR still sent Plaintiff more text messages despite
25 the fact that Defendants Step One and GA CDJR were
26 placed on notice that Plaintiff elected not to receive
27 any further text messages.
28

12. During the month of March, 2019, Defendants Step One and GA CDJR sent Plaintiff yet another text message from the short code 89605. Just like the previous text messages, Plaintiff revoked his consent, opted out by entering "stop" and received an instant message that Plaintiff would not receive any further text messages, allegedly.

13. After receiving the last text message, Plaintiff, who was very upset with the Defendants sending text messages, decided to contact the car dealership where Plaintiff purchased his vehicle, and spoke with "Alice Cliff", who is the service manager at Step One and ("Cliff") informed Plaintiff that the dealership is owned by AutoNation and said the dealership to Defendant GA CDJR. Further, Cliff informed Plaintiff to complain about the text messages to the dealership manager Nelson Martinez, ("Martinez").

14. Accordingly, Plaintiff telephoned Martinez and directed Martinez to remove Plaintiff's number from Defendants text message system. Martinez informed Plaintiff that when he purchased his vehicle, AutoNation owned the dealership and that's who Plaintiff needed to complain to.

15. When Plaintiff contacted AutoNation, a representative informed Plaintiff that AutoNation sold the dealership to Defendant Step One several months after Plaintiff purchased his vehicle. But that Step One allegedly sold the dealership to GA CDJR.

16. During the month of March of 2019, after Plaintiff received the run around from each of the Defendants so that Plaintiff could establish liability, Plaintiff was finally informed that AutoNation owns Step One and GA CDJR.

17. At all times relevant, Plaintiff revoked his consent several times after Plaintiff initially provided his phone number to the Defendants when he took his vehicle for an estimate.

18. Despite the fact that Plaintiff entered "Stop" to opt-out of receiving further messages from the Defendants, they still sought to annoy and harass the Plaintiff to induce Plaintiff to bring his vehicle for future oil changes and service back to the Defendants.

19. At all times relevant, Defendants text messages were and still is an advertisement for goods and services within the meaning of the Telephone Consumer Protection Act.

20. Defendants, and each of them used a Automatic Telephone Dialing System ("ATDS") to make calls to the Plaintiffs cell phone in violation of 47 U.S.C. 227 et seq.

## Cause of Action One

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq.

(Plaintiff v. All Said Defendants)

21. Plaintiff re-alleges and incorporats by reference each of the paragraphs herein.

22. Defendants AutoNation, Step One and GA CDJR sent Plaintiff text messages after Plaintiff revoked his consent from receiving further text messages from each of the Defendants.

23. Defendants used a ATDS to send Plaintiff the said illeagel and revoked text messages.

24. Defendants intentionally and willfully sent Plaintiff numerous text messages despite being placed on notice that Plaintiff revoked his consent by entering "stop" and further by receiving phone calls from Plaintiff to employees of the Defendants. Plaintiff requests that this court treble the damages at $1,500 dollars for each of text messages pursuant to 47 U.S.C. 227 (b)(3).

25. Defendants have violated the order of the Federal Communications commission and will continue to do so unless enjoined by order of this honorable Court.

WHEREFORE: Plaintiff Anthony Oliver prays for the following:

1. An order of this court enjoining the Defendants from sending any further text messages to Plaintiff and other consumers;

2. Declaratory and injunctive relief pursuant 28 U.S.C. 2201-02, that the Defendants used a ATDS and violated the TCPA by sending their text messages;

3. For damages in the amount of $500.00 for each text message illeagally sent to Plaintiff, or in the alternative, Plaintiffs asks the court to treble the Plaintiffs damages to $1,500 dollars for each of the text messages;

4. For all costs of suit pursuant to Fed. R. Civ. P., 1920.

5. Any and other relief deemed necessary by this Honorable Court.

Respectfully Submitted

Dated: May 14, 2019

_____
Anthony Oliver, Plaintiff
Appearing Pro Se.

<u>Demand For Jury Trial</u>

Pursuant to rule 37 of the Federal rules of Civil procedure, and the Seventh Amendment to the United States Constitution, Plaintiff requests, and does hereby request a trial by Jury.

Respectfully Submitted

_____
Anthony Oliver, Plaintiff
Appearing Pro Se

Dated: May 14, 2019

Anthony Oliver # 2019040014
Chatham County Detention Facility
1050 Carl Griffin Drive
Savannah, Georgia 31405

Attention:
Civil Clerks filing
Window/office
Fort Lauderdale Division

United States District Court
Southern District of Florida
400 North Miami Avenue, 8N09
Miami, Florida 33128-7716

Attn:
Civil Clerks Office
Fort Lauderdale Division